IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES, : | |
| : | |
| Plaintiff, : | **SEALED ORDER** |
| v. : | |
| MARCUS Q. WALDEN, : | CASE NO: 7:21-CR-036  (WLS) |
| : | |
| Defendant. : | |
| _____ : | |

## ORDER

Pursuant to the Court's Orders (Doc. 58, 59, 62) ("Status Orders") the sentencing hearing in this matter was continued to allow the Defendant time to obtain an evaluation from a physician or other qualified person as to whether he is addicted to drugs and what affect, such addiction, if any, has had on the decisions Defendant has made regarding his criminal activities. The Status Orders further required Defendant to file reports regarding the status of locating an expert and obtaining the evaluation. On December 11, 2023, Defendant filed his third Status Report (Doc. 63) advising the Court that an expert has been located and requesting the Court authorize Defense Counsel to obtain the services of that expert. The name of the expert is not provided. In the Status Report, Defense Counsel indicates that he anticipates the expert will provide Defense Counsel with a curriculum vitae and a statement of the cost of the expert's services. Further, upon the Court's approval, Defense Counsel states he will take the appropriate steps to obtain the documents and records needed for the expert's review.

Counsel indicates that the expert will also consult with Defendant and his family members and is expected to provide a report to the Court on or about January 24, 2024. Defendant requests that his sentencing hearing be reset during the week of January 29, 2024. Defense Counsel represents that Government's Counsel does not object to the requests contained in the Status Report.

To obtain Court approval of the expert, Counsel shall first file the appropriate motion with the name, curriculum vitae, and anticipated expenses of the expert who is to perform the evaluation.

Chapter 18, United States Code, Section 3006A provides:

> Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for adequate representation may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate judge if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

18 U.S.C. § 3006A(e)(1). To be granted public funding for the services of an expert, an indigent defendant must show why the services are necessary for an adequate defense. 18 U.S.C. § 3006A(e)(1). During his initial sentencing hearing held September 21, 2023, Defendant, through counsel, requested a continuance of his sentencing hearing to allow Defendant time to obtain the services of an expert to conduct the evaluation described above. Defendant stated that without such evaluation the Court would not have the information necessary to comply with 18 U.S.C. § 3553(a)(2)(D), relating to the factors for the Court to consider in imposing a sentence. Finding that Defendant's motion was well-taken, and in effect finding that the services of an expert for this purpose was necessary, the Court granted the requested continuance. (*See* Doc. 58 at 1) Further, Defendant's CJA 23 Financial Affidavit filed October 4, 2021 (Doc. 6) reflects that, at that time, Defendant was financially unable to obtain the services of an attorney, expert, or other services. Defendant shall immediately file a response either updating the aforementioned information or advising the Court that there has been no substantial change in Defendant's financial circumstances.

Defense Counsel shall follow the procedures in the Guidelines for Administering the CJA & Related Statutes ("Guidelines"), Ch. 2: Appointment & Payment of Counsel, § 230.73.10 to obtain payment for expert's services.[1] The Court further notes that payments to expert cannot exceed $2,400.00. *See* 18 U.S.C. § 3006A(e)(3). For requests for payment exceeding $2,400.00, this Court must recommend such to the Chief Judge of the Eleventh Circuit Court of Appeals, and the Chief Judge must approve that recommendation. (*Id.*) When seeking compensation in an amount exceeding $2,400.00, the Voucher must be accompanied by a supporting memorandum.

Accordingly, it is hereby **ORDERED** that:

---

[1] *See also* Guidelines Ch. 3: Authorization and Payment for Investigative, Expert, or Other Services, § 310, *et seq*. The Guidelines for Administering the CJA and Related Statutes are available at: http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel/CJAGuidelinesForms/vol7PartA.aspx.

1. On or before **Friday, December 22, 2023**, the Defendant shall file an appropriate motion for the Court to approve the expert, which shall include the expert's name, a copy of the curriculum vitae, summary of the services to be provided, and an estimate of the costs of the services to be provided.
2. On or before **Friday, December 22, 2023**, Defendant shall file the response showing any substantial changes in his financial circumstance that have occurred since October 4, 2021, or advising the Court that there have been no substantial changes in Defendant's financial circumstances.
3. Defendant's sentencing hearing will be reset by separate Order of the Court.

**SO ORDERED**, this 14th day of December 2023.

                                                 **/s/ W. Louis Sands**
                                                 **W. LOUIS SANDS, SR. JUDGE**
                                                 **UNITED STATES DISTRICT COURT**