**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| | : | |
| **v.** | : | **CASE NO: 7:21-CR-036  (WLS)** |
| **MARCUS Q. WALDEN,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

On March 19, 2024, Defendant filed a Status Report (Doc. 81) with respect to the subpoenas issued pursuant to the Court's prior Orders (Docs. 69, 73, 75). Therein, Defendant states that all entities except Greenleaf Behavioral Health ("Greenleaf") responded to their respective subpoena. Defendant further states that Psychologist, Dr. Omar Tavares, did an in-person evaluation of Defendant on March 6, 2024, at Irwin County Detention Center. However, to complete his assessment of Defendant, Dr. Tavares needs to review the "Greenleaf" records.[1] Defendant states that Greenleaf's failure to comply with the subpoena has prevented Dr. Tavares from completing his evaluation and report in time to be considered at the sentencing hearing currently scheduled for March 27, 2024. Therefore, the Defendant requests that the sentencing hearing be rescheduled.[2]

The Court has previously notified Defendant that requests for additional continuances of the sentencing hearing due to delays in obtaining the expert's evaluation report would be closely scrutinized and granted only upon a showing that such continuance was required to prevent manifest injustice. (*See* Doc. 75) The Court notes that deficiencies in the Subpoena issued to Greenleaf as to whose medical records it is required to produce may have contributed to its delay in responding to the Subpoena. However, to prevent manifest injustice and to

_____

[1] Defendant's Motion to Compel (Doc. 80) will be resolved by separate Order.

[2] The Defendant is notified that in order that the docket of the case is complete and accurate, future requests to continue are to be filed as separate motions instead of included in status reports. Particularly where, as here, the status report is not specifically required by Court order.

allow Defendant to present his best argument at sentencing, the Court finds that good cause exists to allow one additional continuance of Defendant's sentencing hearing.

Accordingly, the Defendant's motion to continue his sentencing hearing (Doc. 81) is **GRANTED**, and the sentencing hearing set for March 27, 2024, is **CANCELED**. The Defendant and Defense Counsel are cautioned, however, that no further continuances of the sentencing hearing will be granted except to prevent manifest injustice upon timely written motion for good cause shown upon grounds not reasonably foreseeable or avoidable by the moving Party or Parties. Further delays in obtaining the expert's evaluation of Defendant shall be closely scrutinized.

Furthermore, Counsel are hereby **ORDERED** to immediately confer with the Courtroom Deputy to promptly find a new date for Defendant's sentencing hearing.

**SO ORDERED**, this 25th day of March 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**